# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-314-FDW

| | |
|---|---|
| ADRIAN D. MURRAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) **ORDER** |
| MARY POLLARD, et al., | ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). On December 23, 2013, in response to Plaintiff's Motion to Proceed without Prepayment of Fees, the Clerk entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7).

## I.  BACKGROUND

a.  Plaintiff's Section 1983 Action in this Court

Pro se Plaintiff Adrian Murray, currently incarcerated at Marion Correctional Institution, filed this action on November 19, 2013, pursuant to 42 U.S.C. § 1983 in the Eastern District of North Carolina. On December 4, 2013, that court transferred the action to this Court. (Doc. No. 4). Plaintiff names as defendants the following four individuals: Mary Pollard and Danielle M. Carman, identified as the Executive Director and Assistant Director, respectively, of North Carolina Prisoner Legal Services ("NCPLS"); Toni Banks, identified as the Assistant Unit Manager for Marion Correctional Institution; and Theodore S. Royster, identified as a judge with the Davidson County Superior Court. In the Complaint, Plaintiff alleges that Defendants

1

violated his constitutional right to access to the courts. As for Defendants Pollard and Carman, Plaintiff alleges that in 2012 and 2013 these defendants denied him his right to access to the courts when NCPLS refused to represent him to challenge a state court conviction from Davidson County. (Doc. No. 1 at 3-4). As to Defendant Banks, Plaintiff alleges that, as Marion Correctional Institution Assistant Unit Manager, Banks "conspired" with Defendants Pollard and Carman to deprive Plaintiff of his access to the courts. (Id. at 4). As to Defendant Judge Royster, Plaintiff alleges that the judge failed to follow correct procedures for reviewing MARs, and on September 3, 2013, improperly entered a summary denial of Plaintiff's MAR. (Id. at 5-6). In his prayer for relief, Plaintiff asks for, among other things, a jury trial, and monetary damages against the named Defendants for the alleged constitutional violations. (Id. at 7).

      b.      Plaintiff's State Court Convictions in Davidson and Guilford Counties[1]

On August 29, 2001, Plaintiff was convicted after trial by jury in Davidson County of felonious possession of stolen goods, misdemeanor possession of stolen goods, and being a habitual felon. On the same day, Plaintiff was sentenced to 116-149 months of imprisonment. Plaintiff appealed and on December 17, 2002, the North Carolina Court of Appeals affirmed the conviction and remanded for a clerical error. State v. Murray, 154 N.C. App. 631 (2002). On August 21, 2003, the North Carolina Supreme Court denied certiorari. State v. Murray, 357 N.C. 467 (2003). Although he has not attached a motion for appropriate relief ("MAR") to his Complaint, as noted, Plaintiff alleges that Defendant Judge Royster summarily denied a MAR challenging the 2001 Davidson County conviction on September 3, 2013.

On January 7, 2002, Plaintiff was convicted after trial by jury in Guilford County of

---

[1] The Court has obtained information regarding Plaintiff's criminal history through the Department of Public Safety website and Westlaw records.

2

common law robbery.  Plaintiff pled guilty to being a habitual felon.  On January 9, 2002, Petitioner was sentenced to 96-125 months of imprisonment.  Plaintiff appealed and on April 1, 2003, the North Carolina Court of Appeals found no error in an unpublished opinion.  State v. Murray, 157 N.C. App. 143 (2003).  On April 22, 2005, Petitioner filed a pro se motion for appropriate relief ("MAR") in Guilford County Superior Court, which motion was denied on May 13, 2005.  Petitioner sought reconsideration of the MAR Court's order, but the motion for reconsideration was denied on January 26, 2006.  On April 13, 2006, Petitioner filed a pro se habeas petition under 28 U.S.C. § 2254 in the Middle District of North Carolina challenging the Guilford County convictions, which petition was denied as untimely on December 26, 2007.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In Bounds v. Smith, the Supreme Court held that the right of access to courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

This action is subject to dismissal as to all Defendants for a plethora of reasons. First, as to Defendant Judge Royster, it is well established law that judges are absolutely immune in a Section 1983 lawsuit for civil liability for actions which they performed in their judicial capacity. Bradley v. Fisher, 80 U.S. 335 (1871). This protection of judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority. See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for

4

centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."). Here, Judge Royster was no doubt acting in his judicial capacity when he allegedly failed to follow the proper state court procedures in addressing Plaintiff's MAR. Thus, Judge Royster is entitled to absolute judicial immunity and any purported claims against him will be dismissed.

Next, as to Plaintiff's allegation that Defendant Banks (Marion Correctional employee) "conspired" with Defendants Pollard and Carman (NCPLS employees) to deprive Plaintiff of his access to the courts based on NCPLS's refusal to represent Plaintiff in challenging his Davidson County conviction, Plaintiff fails to state a claim for violation of his right to access to the courts. NCPLS is operated and overseen by Legal Services of North Carolina, Inc. ("Legal Services"). See Smith v. Bounds, 657 F. Supp. 1327, 1328 n.1 (E.D.N.C. 1986), aff'd, 813 F.2d 1299 (4th Cir. 1987). Legal Services is a not-for-profit corporation. See N.C. GEN. STAT. § 7A-474.2(1a). A private entity such as NCPLS is not a state actor and is therefore not amenable to suit under section 1983 except in certain narrow circumstances, none of which apply here. See Bryant v. N.C. Prisoner Legal Servs., Inc., 1 F.3d 1232, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983.") (per curiam). Thus, as employees of NCPLS, Defendants Pollard and Carman are not subject to suit under Section 1983.

Even if Defendants Pollard and Carman were considered to be state actors, Plaintiff would still fail to state a claim for a violation of access to the courts as to Defendants Pollard and Carman as well as Defendant Banks. Under Bounds, states must provide meaningful access to the courts by either providing prison law libraries or by providing assistance to prisoners by

5

persons trained in the law. Bounds, 430 U.S. at 828. North Carolina prisoners have access to NCPLS in lieu of law libraries. See Wrenn v. Freeman, 894 F. Supp. 244, 248-49 (E.D.N.C. 1995), aff'd, 92 F.3d 1185 (4th Cir. 1996) (unpublished). The fact that NCPLS does not take on every prisoner's case does not mean that Plaintiff's rights under Bounds were violated. See id. Moreover, Plaintiff has simply failed to allege that he suffered any actual injury in this case. Indeed, Plaintiff was represented by counsel in his underlying criminal conviction, and the public records indicate that he was able to appeal his convictions in North Carolina state court, to challenge the convictions through a state court MAR, and then to file a federal habeas action. The Court notes that Plaintiff brought a similar claim against NCPLS employees in another Section 1983 action filed in the Eastern District of North Carolina, and that complaint was dismissed on initial review. Murray v. Keller, No. 5:10-CT-3038, 2011 WL 4443143 (E.D.N.C. Sept. 23, 2011). In that order, the Court dismissed Plaintiff's claim for denial of access to the courts, observing that:

> plaintiff has a prolific litigation history, which reflects that he has had the opportunity to file suit alleging his conditions of confinement claims as well as his challenge to his criminal conviction. Plaintiff's allegations also demonstrate that he has had access to NCPLS in that he states he requested assistance from NCPLS, but NCPLS declined to represent him. Based upon the foregoing, plaintiff has had the opportunity to present his claims to the courts. . . . . Moreover, plaintiff fails to allege that a nonfrivolous claim has been frustrated or impeded by defendants. Rather, plaintiff's allegations deal with his frustration with the effectiveness of his litigation, but the Constitution does not guarantee plaintiff the ability to litigate effectively. Accordingly, plaintiff has not alleged any actual injury.

Id. at *6. The Court there noted that Plaintiff is a prolific filer and listed cases filed by Plaintiff in that and other districts. Id. at *6 n.9. As the Court found in Plaintiff's Section 1983 action in the Eastern District of North Carolina, this Court finds that Plaintiff has failed to state a claim for

6

a violation of his First Amendment right to access to the courts because he simply fails to show any injury.

Finally, although this Court has not determined in this action whether Plaintiff has reached "three strikes" under Section 1915(g), it is likely that he has, given the numerous Section 1983 actions filed by him. Plaintiff is hereby reminded of the language of Section 1915(g), which states:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Upon the filing of any more Section 1983 actions by Plaintiff, the Court will conduct a review to determine whether Plaintiff has reached three strikes and he will be required to pay the full filing fee thereafter unless he can show that he is under imminent danger of serious physical injury.

### IV. CONCLUSION

For the reasons stated herein, this action will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

Signed: January 7, 2014

Frank D. Whitney
Chief United States District Judge