UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-314-FDW

| ADRIAN D. MURRAY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MARY POLLARD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Adrian Murray, (Doc. No. 16), and on Plaintiff's Motion to Amend/Correct the Complaint, (Doc. No. 17).

On November 19, 2013, Plaintiff filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, naming as Defendants Mary Pollard and Danielle M. Carman, identified as the Executive Director and Assistant Director, respectively, of North Carolina Prisoner Legal Services ("NCPLS"); Toni Banks, identified as the Assistant Unit Manager for Marion Correctional Institution; and Theodore S. Royster, identified as a judge with the Davidson County Superior Court. In the Complaint, Plaintiff alleged that Defendants violated his constitutional right to access to the courts. As for Defendants Pollard and Carman, Plaintiff alleged that in 2012 and 2013 these defendants denied him his right to access to the courts when NCPLS refused to represent him to challenge a state court conviction from Davidson County. (Doc. No. 1 at 3-4). As to Defendant Banks, Plaintiff alleged that, as Marion Correctional Institution Assistant Unit Manager, Banks "conspired" with Defendants Pollard and Carman to deprive Plaintiff of his

1

access to the courts.  (Id. at 4).  As to Defendant Judge Royster, Plaintiff alleged that the judge failed to follow correct procedures for reviewing MARs, and on September 3, 2013, improperly entered a summary denial of Plaintiff's MAR.  (Id. at 5-6).  In an Order dated January 7, 2014, on an initial review under 28 U.S.C. § 1915, this Court dismissed all of Plaintiff's claims for failure to state a claim.

On January 21, 2014, Plaintiff filed a motion to amend or correct his Complaint.  On the same day, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure.  With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).  Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  Id.  Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted.  That is, Plaintiff's motion does not present evidence that was

unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law.  Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  Rather, in his motion for reconsideration, Plaintiff merely reasserts some of the allegations made in the original Complaint, and he presents additional arguments that are wholly without merit.  In sum, the Court will deny Plaintiff's motion for reconsideration.

Next, as for Plaintiff's motion to amend the Complaint, the motion will be denied as moot because this action has already been dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 16), and his Motion to Amend/Correct the Complaint, (Doc. No. 17), are both **DENIED**.

Signed: January 24, 2014

Frank D. Whitney
Chief United States District Judge